THE COMMISSIONERS OF THE SINKING FUND OF NEW JERSEY

v.

· JACOB PETER and others.

Complainants' mortgage for $12,500, covering five houses, was given in June, 1873. In July, 1874, the mortgagor sold three of the houses for $15,500, his grantee paying him $8,000 in cash, and assuming $7,500 of complainants' mortgage as part of the consideration, with interest thereon from April 1st, 1874. On foreclosure the grantee bought the three houses for $5,000, and the complainants bought the remainder of the premises for $3,000.—*Held*, that complainants could claim of grantee, as a deficiency on the foreclosure, only the difference between the $7,500 assumed by him, with the unpaid interest thereon from April 1st, 1874, and the $5,000 paid by him at the foreclosure sale.— *Held*, also, that if the amount bid at the sale by the complainants was made under a mistake, the sale would be set aside on terms.

Bill to foreclose. Motion in behalf of the National State Bank of Elizabeth to amend decree for deficiency. On petition, and affidavit.

*Mr. J. R. English* and *Mr. B. Williamson*, for the bank.

*Mr. G. D. W. Vroom* and *Mr. J. Wilson*, for complainants.

THE CHANCELLOR

The question presented for consideration is, as to the extent of the liability of the National State Bank of Elizabeth under the assumption of mortgage debt mentioned in the bill, and on which assumption the complainants have obtained a decree for deficiency against the bank in this cause, requiring it to pay any deficiency to the extent of $7,500 with interest from April 1st, 1874, which may exist after applying the proceeds of the sale of the mortgaged premises to the payment of the complainants' debt and costs.

The complainants' mortgage was given June 11th, 1873, and covered five houses and lots in the city of Elizabeth.

8

On the 29th of July, 1874, the bank bought of the mortgagor three of the houses and lots, for $15,500, paying $8,000 thereof in cash, and for the rest the following assumption of mortgage was given; "This conveyance is made expressly subject to a mortgage of $12,500 held by the commissioners of the sinking fund of New Jersey, upon all the premises [referring to the five houses and lots], $7,500 of which mortgage is assumed and agreed to be paid by said party of the second part [the bank], the same being computed as part of the consideration of this deed to the amount of $7,500, the interest on which is assumed by said party of the second part from April 1st, 1874."

At the sale under the execution in this suit, the property conveyed to the bank was struck off and sold to it at $5,000, and the rest of the mortgaged premises to the complainants at $3,000.

The complainants now seek, under the decree for deficiency, to compel payment of the entire deficiency, $7,781.29, while the bank insists that it is only liable to pay, on account of the deficiency, the amount of the difference between the sum of $7,500 with interest from April 1st, 1876 (the interest on the mortgage having been, as it alleges, paid up to that date), and the sum of $5,000, which its property brought at the sale.

The bank petitions for an amendment of the decree for deficiency, in accordance with its claim as to the extent of its liability.

There can be no doubt that the extent of the liability of the bank to the complainants under the assumption is measured by that of its liability to the mortgagor thereunder. It is identically the same. Said the court in *Crowell* v. *Hospital of St. Barnabas, 12 C. E. Gr. 650, 656:* "The mortgagee being the representative of, and standing in the place of, the mortgagor to enforce the rights of the latter against the purchaser, and having no greater or other equity in himself, is entitled to such remedy only as the mortgagor had against the purchaser when the bill was filed."

What, then, are the rights of the mortgagor in this case? He was, when the sale under execution was made, entitled to indemnity from the bank against the complainants' mortgage to the amount of $7,500 and interest (apparently) from April 1st, 1876. Of the purchase-money, $15,500, which the bank agreed to pay for the property, $8,000 were paid when the deed to the bank was given, and the balance, $7,500, was to be paid according to the assumption. Of the $7,500 and interest thereon, $5,000 were paid by the bank as purchaser of the property at the sale under the execution.

The amount of the difference between the $5,000 and the sum of $7,500 with interest from April 1st, 1876, is all that the mortgagor would be entitled to receive from the bank as indemnity under the assumption, if the bank has paid the interest on the $7,500 up to April 1st, 1876.

By the sale of the bank's property, $5,000 have been realized on account of the indemnity.

The complainants insist that the bank, under the assumption, is still bound to pay so much of the $7,500 and interest, as is necessary to pay the deficiency. But so to construe the liability, would be to hold the bank liable to pay not $15,500 only, the price it agreed to pay for the property, but more than $20,700; for the amount of the deficiency is, as before stated, $7,781.29. It paid $8,000 on the delivery of the deed, and $5,000 for the purchase-money of the same property under the sale under execution, together $13,000. If to this be added the amount of the deficiency, $7,781.29, the sum will be $20,781.29.

The decree for deficiency should, as to the bank, be amended in accordance with these views.

The complainants, on the argument of the motion, applied for a resale of the mortgaged premises, in case the court should reach a conclusion adverse to their claim. The application is based on the allegation that they permitted the bank's property to be struck off at a price less than they would otherwise have done but for the conviction

that they were entitled to recover the whole of the deficiency from the bank.

If such misapprehension induced them to permit the property to be sold for less than it would otherwise have brought, upon its being duly and satisfactorily proved, and the complainants undertaking to bid such sum in advance of $5,000 for the property as would justify a resale, the sale will be set aside, on such terms as to payment of execution fees as shall be just, and the sale of the other property will, in such case, be also set aside, if the bank desires it and will undertake to bid such sum in advance of the price at which the property was sold to the complainants, as will justify a resale.

---

NOTE.—The former decision of the chancellor in this case is reported in *Blauvelt* v. *Van Winkle, 2 Stew. 111,* and this opinion is inserted here merely to show the final disposition of the case.—REP.